### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

INNOVATIVE INFLATABLES, LLC,

                    Plaintiff,

   v.

ALLY BANK,

                  Defendant.

Civil Action No.
3:21 - CV- 881 (CSH)

**MAY 10, 2022**

### RULING ON MOTION TO REMAND AND COSTS [Doc. 9]

**HAIGHT, Senior District Judge:**

Plaintiff Innovative Inflatables, LLC ("Innovative") commenced this civil action by filing a complaint against Defendant Ally Bank ("Ally") in the Connecticut Superior Court for the Judicial District of Hartford.  The action seeks to resolve disputes arising out of a loan made by Ally to Innovative for the purchase by Innovative of a truck.

Ally removed the case to this federal court.  The purported basis for subject matter jurisdiction in this Court is diversity of citizenship, pursuant to 28 U.S.C. § 1332.[1]

Innovative now moves to remand the action to the Connecticut Superior Court.  Ally resists that motion.  This Ruling resolves it.

---

[1] The Court notes that because Plaintiff has included solely state law claims in its complaint, there is no arguable basis upon which the Court may assert  "federal question" subject matter jurisdiction over this action.  Under  28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  No federal law is implicated in the present matter.

## I. BACKGROUND

To remove a case to federal court, the removing party must allege that the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). Ally's removal of the case to this Court is based on the "diversity of citizenship" statute, 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." For diversity jurisdiction to exist, there must be complete diversity of citizenship between the plaintiff and the defendant, as well as the jurisdictional minimum amount in controversy, at the time the case was filed in state court and at the time of removal. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If either requirement for diversity is not satisfied, the case must be remanded to the state court from which it was removed.

In the case at bar, Ally's "Notice of Removal" states that Ally is "a corporation incorporated in the State of Utah" with its "principal place of business located in Sandy, Utah." Doc. 1, at 3 (¶ 11). The notice further recites that Innovative "is a limited liability company with one member who *resides* in Hartford, Connecticut," with the result that "Plaintiff is deemed to be a citizen of the State of Connecticut." *Id.* (¶ 9) (emphasis added). This leads Ally to the assertion that complete diversity of citizenship exists between the parties. *Id.* (¶ 12).

Innovative does not dispute that assertion, but Ally's allegations on the point are nonetheless insufficient. What the statute requires is diversity of *citizenship*. The citizenship of Innovative, an LLC, is the same as that of its sole member. *See, e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) (For diversity purposes, "a limited liability

2

company . . . takes the citizenship of *each of its members*.") (emphasis added) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)).  Moreover, all that is said about that individual member of Innovative  is that he or she "resides" in Connecticut.  Doc. 1, at 3 (¶ 9).  It is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.,* 126 F.3d 100, 102-03 (2d Cir. 1997) (citation omitted).  An individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence, *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); and "it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens," *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (citations omitted).  An individual may have several residences, but can in law have only one domicile at any one time.  *Williamson v. Osenton*, 232 U.S. 619, 625  (1914); *Hicks v. Brophy*, 839 F. Supp. 948, 950 (D. Conn. 1993).  Said "domicile" is  poetically defined as "the place to which, whenever he is absent, he has the intention of returning."  *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).

If the case turned on this point, further allegations would be necessary on the question of Innovative's citizenship.  But I need not pursue the subject further, because assuming without deciding that the parties' citizenship is  diverse, Ally's removal fails to demonstrate the requisite jurisdictional amount.

## II.  DISCUSSION

This Court has subject matter jurisdiction only if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  Innovative's complaint against Ally, filed in the state court, contains two counts: breach of contract (First Count), and violation of the

Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq.* (Second Count).[2]  Doc. 1-1, at 3-6.   According to Innovative's brief on its motion to remand, the First Count in the complaint alleges that Ally "breached an agreement to accept $5,819.54 in complete satisfaction of a loan on a certain truck and instead converted the plaintiff's money into a payment on the existing loan." Doc. 10, at 1.  The Second Count alleges that Ally's subsequent conduct "in repossessing the truck by flagging it down while in use, blocking it in, and leaving two of the plaintiff's employees stranded" violated CUTPA.  *Id.*  The complaint prays for "money damages" on both counts, and for statutory punitive damages, attorneys' fees, and costs on the second count. Doc. 1-1, at 6.

Innovative accompanied its state court complaint with a "Statement of Amount in Demand," which recited: "The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs." *Id.* at 7.  That statement was filed in compliance with Conn. Gen. Stat. § 52-91, which requires a plaintiff in a state court action to plead a demand for relief that the amount in controversy, exclusive of interest and costs: (1) is $15,000 or more, (2) equals $2,500 or more but less than $15,000, or (3) is less than $2,500.

Ally's removal of the case to this Court has an inflationary effect.  To come within this Court's subject matter jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs.

At first blush, that seems unlikely.  The complaint alleges that in June 2017, Innovative bought a 2016 GMC Savana truck and entered into a loan agreement with Ally which required

---

[2]   The complaint incorrectly describes the alleged violation of CUTPA as constituting the "Third Count."  In point of fact, there are only two pleaded counts which precede the prayer for relief.  The discussion in text numbers the counts correctly.

monthly payments of $765.64 to Ally.  Doc. 1-1, at 3 (¶¶ 3-4).  Innovative made those payments until October 2020, when the pandemic interrupted Innovative's business and its truck loan payments stopped.  *Id.* at 3 (¶ 6).   Business improved, and on  March 10,  2021, Innovative's officers and Ally's attorney had conversations in which Innovative "requested to start making the monthly payment or a viable buyout option in order to stop any repossession of said truck." *Id.* at 3-4 ( ¶ 8). Ally seized the truck on March 27, 2021.  *Id.* at 4 (¶ 9).    Thereafter, on April 1, 2021, an Ally representative told Innovative's counsel that "the pay-off for said truck was $5,819.54.  That said payment could be wire transferred today and that said truck could be released for pick up tomorrow." *Id*. at 4 (¶ 13).  Innovative paid Ally that amount and retrieved the truck, but Innovative now complains that Ally is taking the position that the payment "was not the pay-off, but just the amount to be current under the terms of the contract," which Innovative alleges "was modified by the oral agreement."  *Id.* at 4-5 (¶¶ 15, 17-18).

When one considers the relatively modest sums alleged in the First Count of the complaint, it does not seem likely that the amount in controversy in Innovative's First Count against Ally, for breach of contract, exceeds $75,000.  There is no reason to think that the balance of the underlying truck loan would be of that jurisdictional dimension.  The narrative suggests that this was an ordinary, workaday truck, not the sort of iconic classic vehicle for which collectors pay exorbitant sums.  The amount of Innovative's breach of contract claim, whatever its merit,  would not appear to exceed $75,000.

We are left, then, with the Second Count in Innovative's complaint, a CUTPA claim sounding in tort for Ally's allegedly wrongful but short-lived repossession of the truck.  The amount claimed in the pleading is unspecified and consequently ambiguous.  However, Innovative

undertakes to resolve  that ambiguity by means of a stipulation.

On July 22, 2021, Plaintiff Innovative filed a "Stipulation" signed by Evan Taback, its "Managing Member and Owner." Doc. 10-2 (Ex. B), at 3.  That stipulation refers to Innovative's complaint against Ally in the state court, and then recites:    "The plaintiff hereby clarifies and stipulates that the value of the matter in controversy as recited in the state court complaint does not exceed the sum or value of $75,000, exclusive of interest and costs and any discretionary attorney's fee award." *Id.* at 2 (¶ 3).  The Plaintiff "further stipulates that any judgment in its favor on its action as stated in the state court complaint should and will be capped at the sum of $75,000, exclusive of interest and costs and any discretionary attorney's fee award." *Id.* (¶ 4).  The stipulation concludes by providing that "in the unlikely event there is a material change in the allegations stated in the state court complaint that could possibly justify an award in excess of $75,000, the action may be removed to federal court without objection at that time." *Id*. (¶ 5).

A line of decisions in this District holds that when a plaintiff gives such a stipulation in appropriate circumstances, a removed civil action must be remanded to the state court where the complaint was initially filed.  *See, e.g., Ryan v. Cerullo*, 343 F. Supp. 2d 157, 158-60  (D. Conn. 2004) (Kravitz, *J.*);  *Luce v. Kohl's Dept. Stores, Inc.*, 23 F. Supp.3d 82 , 85-86 (D. Conn. 2014) (Meyer, *J.); DiCandido v. Mazzer*, No. 3:20-CV-364 (VAB), 2020 WL 1685504 , at *2 (D. Conn. April 7, 2020) (Bolden, *J.*);  *Gregg v. Walmart Stores, Inc.*, No. 3-20-CV-1447 (CSH), 2020 WL 6156527, at *1-3 (D. Conn. Oct. 20, 2020) (an opinion by the undersigned).  The reasoning of such opinions is that the record fails to show an amount in controversy in excess of $75,000, with the result that this federal court lacks "diversity of citizenship" subject matter jurisdiction under 28 U.S.C. § 1332(a).  In *Gregg*, I cited and quoted *Ryan* and *Luce*, and said: "Given Plaintiff's

clarification regarding her alleged amount of damages, as provided by her sworn stipulation, the instant action does not meet the minimal jurisdictional limits required to establish diversity jurisdiction."  2020 WL 6156527, at *3.[3]

A plaintiff's stipulation on damages, in order to have the effect of requiring remand, must be given in appropriate circumstances.  Judge Kravitz's opinion in *Ryan* notes that "once a federal district court's jurisdiction has attached to a case removed from state court, a plaintiff cannot deprive the district court of jurisdiction by reducing his claim below the requisite jurisdictional amount by stipulation, by affidavit, or by amendment of his pleadings."  343 F. Supp. 2d at 159 (citation and internal quotation marks omitted).  However, "a district court may allow a plaintiff to 'clarify' his or her complaint after removal in order to assist the court in evaluating the jurisdictional facts existing at the time of removal."  *Id*.  Judge Bolden applied that principle in *DiCandido*: "A plaintiff . . . may stipulate to a monetary demand below $75,000, where that stipulation does not contradict her complaint but rather clarifies ambiguity in that complaint."  2020 WL 1685504, at *2.

That is what occurred in *Ryan*; the plaintiff stipulated that "in no circumstances shall the damages, exclusive of interest and costs, be in excess of Seventy Five Thousand ($75,000.00) Dollars . . . regardless of whether this case proceeds in State or Federal court . . . ." 343 F.Supp.2d at 159.  Judge Kravitz, who remanded the case to state court, observed: "Such post-removal clarifications by way of stipulation may be particularly useful if the initial complaint filed in state

---

[3] Plaintiff's reply brief on this motion [Doc. 14] cites and attaches a number of unpublished opinions in this District to the same effect.  For the text of these opinions, *see* Doc. 14-1, at 1-36 (*Hayes v. Pfizer, Inc.*, No. 3:15-CV-1854 (MPS), 2016 WL 1363623, at *2 (D. Conn. Apr. 6, 2016); *Andrade v. Target Stores, Inc.*, No. 3:15-CV-1227(AWT), 2015 WL 10891211, at *1 -2 (D. Conn. Dec. 15, 2015);  *Daly v. United Airlines, Inc.*, No. 3:17-CV-00977 (CSH), 2017 WL 3499928, at *5 & n.8 (D. Conn. Aug. 16, 2017); and *Perez v. Metro. Prop. & Cas. Ins. Co.*, No. 3:14-CV-01565 (CSH), 2014 WL 7428280, at *4-5 (D. Conn. Dec. 31, 2014)).

court was governed by state rules of civil procedure that do not require plaintiffs to allege damages with precision." *Id*. (collecting cases).  That is the circumstance in the case at bar.  It is also what took place in *Gregg* and the other cases cited.

The discussion *supra* makes it plain that Innovative's stipulation in this case is appropriate and permissible.  The circumstances of the case, adequately revealed by the pleadings and the parties' submissions, make it unlikely (as Innovative acknowledges) that Innovative's provable damages would exceed $75,000.[4]

I intimate  no finding on what a trial result would be; for jurisdictional purposes, the issue

_____

[4] In its reply brief on the present motion, Ally acknowledges that  Plaintiff stresses that "the sought monetary damage amounts to simply 'more than $15,000,' and therefore can [in] no way be close to the $75,000 jurisdictional amount." Doc. 13, at 1.  To overcome that problem, Ally asks the Court to consider "statutory punitive damages" under CUTPA when considering the amount in controversy. *Id*.  However, as Plaintiff notes, the content of its stipulation clearly states that "any judgment in its favor on its action as stated in the state court complaint should and will be *capped at the sum of $75,000,* exclusive of interest and costs and any discretionary attorney's fee award." Doc. 10-2, at 2 (¶ 5) (emphasis added).  Accordingly, "[t]he limitation to $75,000 plainly includes all elements of the claim, including any statutory punitive damages award."  Doc. 14, at 2.

Moreover, with respect to attorney's fee awards under CUTPA, where those awards are discretionary, courts in this District will not consider them in calculating the amount in controversy. *See, e.g., Cardinale v. Quorn Foods, Inc.*, No. CIVA 3:09-CV-1660 (JCH), 2010 WL 1332551, at *3 n.2 (D. Conn. Mar. 31, 2010) ("Based on the statutory language and the Appellate Court's holding, the court concludes that attorney's fees are not recoverable as a matter of right under CUTPA. Accordingly, under Second Circuit precedent, the court will not consider attorney's fees in calculating the amount in controversy.");  *Fedor v. Amica Mut. Ins. Co.*, No. 3:01 CV 795 (GLG), 2003 WL 77002, at *2 (D. Conn. Jan. 8, 2003) ("While the plaintiff does have a claim under CUTPA, attorneys' fees under that Act. . . and relevant case law are discretionary. Such an amount, whatever it might be, is not to be included in calculating the jurisdictional amount in controversy.") (citations and internal quotation marks omitted); *Devit v. Cont'l Gen. Ins. Co.*, No. CIV.A. 3-02-CV270 (JCH), 2002 WL 1000079, at *2 (D. Conn. Apr. 12, 2002) ("[T]he court concludes that attorney's fees are not recoverable as a matter of right under CUTPA. Accordingly, the court will not consider attorney's fees in calculating the amount in controversy.").

is the possible quantum of the Plaintiff's damages at the time when the complaint was filed. Innovative's stipulation of limitation is reasonable in that context. Innovative does not offer this stipulation for the improper, forbidden objective of depriving this Court of subject matter jurisdiction which has clearly attached. Innovative offers this stipulation for the proper and permissible objective of clarifying whether that jurisdiction can exist, a proposition that, given the record, must be regarded as uncertain, if not doubtful. Innovative furnishes that clarification by stipulating that its recoverable damages will not amount to the sum required to sustain diversity jurisdiction; hence the necessity for remand becomes clear.

"Because Defendants removed this action from state court, they bear the burden of proving that Plaintiff's claim exceeds the jurisdictional amount in controversy." *Ryan*, 343 F. Supp. 2d at 158 (citation omitted). Defendant Ally, which opposes a remand, does not carry that burden. Its brief recites generalities which are for the most part inapposite to the case's particular circumstances, and fails entirely to deal with the effect of Innovative's stipulation, as defined by the cited decisions. I think those decisions (including my own, in *Gregg*) were correct. Their effect is to demonstrate that Innovative's recoverable damages cannot exceed $75,000. The case accordingly does not fall within this Court's subject matter jurisdiction.

Finally, as to Plaintiff's request for "costs and fees associated with preparing and pursuing this Motion," that request is denied. "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). On the date Ally removed the case to this Court, June 25, 2021, Ally believed the parties' citizenship was diverse and there remained some ambiguity as to the amount of damages Plaintiff conceivably sought,

especially on its CUTPA claim. Doc. 1 ("Notice of Removal," filed 6/25/2021). Removal preceded

the filing of Plaintiff's clarifying "Stipulation" on this Court's docket on July 22, 2021. Doc. 10-2

("Stipulation," filed 7/22/2021).

Following entry of that stipulation, Ally did refuse to agree to remand of the case unless or

until this Court entered a ruling to so remand.  Although such refusal may have seemed

"unreasonable" to Plaintiff, based on its own interpretation of the facts and law, Ally was entitled

to have the Court examine the stipulation, consider the parties' legal arguments, and resolve the issue

of remand. After all, "once a federal district court's jurisdiction has attached to a case removed from

state court, a plaintiff cannot deprive the district court of jurisdiction by reducing his claim below

the requisite jurisdictional amount by stipulation." *Ryan*, 343 F. Supp. 2d at 159 (citation and

internal quotation marks omitted).  The Court thus had to determine whether the proffered stipulation

had been properly entered by Plaintiff to clarify an ambiguous amount in controversy, rather than

to deprive this Court of subject matter jurisdiction.

Given the ambiguity regarding the amount in controversy that existed on the date of removal

and the Court's need to interpret the intent and effect of Plaintiff's stipulation, Ally's arguments to

resist remand did not rise to the level of being "objectively unreasonable."  Plaintiff is not entitled

to costs and expenses under 28 U.S.C. § 1447(c), and the "Motion to Remand and Costs" is denied

insofar as it seeks such award.

### III.  CONCLUSION

For the reasons stated, the Court makes this Order:

1. The Plaintiff's motion [Doc. 9] to remand this case to the Connecticut Superior Court for

the Judicial District of Hartford, Connecticut, is GRANTED.  The Clerk of this Court is directed to

proceed accordingly.

2.  Because this remand is on the basis that this Court lacks subject matter jurisdiction over the action, the remand is WITHOUT PREJUDICE to the merits of Plaintiff's claims against Defendant.

3.  Plaintiff's motion for costs [Doc. 9] incurred in preparing and pursuing this motion is DENIED.

4.  The Clerk of the Court is directed to close the file.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         May 10, 2022


                                        /s/Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge

11